**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **ROBERTO CARLOS AGUILAR VAZQUEZ** | **CIVIL CASE NO. 26-1845 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **WINN CORRECTIONAL CENTER, ET AL.** | **MAG. JUDGE WHITEHURST** |

## MEMORANDUM RULING AND ORDER

Before the Court is an Emergency Motion to Stay Removal Pending Habeas Review (R. Doc. 2) filed by Roberto Carlos Aguilar Vazquez ("Petitioner"). Having carefully considered Petitioner's submissions and the applicable law, Petitioner's Emergency Motion to Stay Removal Pending Habeas Review is **DENIED**.

### I.    BACKGROUND

Petitioner—a native and citizen of Cuba—entered the United States near San Luis, Arizona on January 30, 2022. *See* R. Doc. 1 at 2. Then, on February 1, 2022, the Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear, charging him under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled. *See id.* Petitioner was taken into Immigration and Customs Enforcement ("ICE") custody on May 28, 2025, at an immigration court in Miami Florida. *See id.* He later applied for asylum, raising fear-based claims concerning Cuba, and his asylum application was received by U.S. Citizenship and Immigration Services in June 2025. *See id.* On May 19, 2026,

Petitioner received a credible fear interview, whereafter DHS issued a negative credible fear determination. *See id*. Two days later, on May 21, 2026, an immigration judge affirmed DHS's negative credible fear determination. *See id*. After that decision, "ICE … transferred Petitioner rapidly across multiple states, including from … Washington, through Arizona and Texas, and then to Louisiana," where he is currently being held at Winn Correctional Center. *See* R. Doc. 1 at 3.

## II.      LAW & ANALYSIS

In his emergency motion to stay, Petitioner asks the Court to stay his removal while his habeas petition is pending before the Court. *See* R. Doc. 2. "Injunctive relief is an extraordinary measure and drastic remedy and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (internal quotations and citation omitted). In considering whether to issue a stay of removal, a court reviews "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Duran-Cruz v. Holder*, 527 F. App'x 308, 310 (5th Cir. 2013). The first two factors are the most important, *see id*. at 311, and the last two factors merge when the Government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). "The parties and the public, while entitled to both careful review and meaningful decisions, are also generally entitled to the prompt execution of orders that the legislature has made final." *Id*. at 427.

Here, Petitioner's motion fails because he has not demonstrated a likelihood of success on the merits. His motion largely focuses on the "immediate and irreparable" nature of the "threatened harm" he will suffer if a stay is not entered. *See* R. Doc. 2 at 2. Specifically, he notes that after the immigration judge affirmed the negative credible fear determination made by DHS, he "was then moved rapidly through several states." *See id*. He also claims that he was informed that removal "could occur within approximately three days." *See id*. at 1. According to Petitioner, these facts "creat[e] a serious risk that he may be removed before a court can review his due-process claims." *See id*. at 2. While this may be true, immediate and irreparable harm alone is not enough for this Court to enter a stay of his removal. *Nken*, 556 U.S. at 427 ("[A stay] 'is not a matter of right, even if irreparable injury might otherwise result....'") (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)). Because Petitioner's motion fails to adequately address his likelihood of success on the merits, he has not "clearly carried the burden of persuasion" required to obtain this "extraordinary and drastic remedy." *See Anderson*, 556 F.3d at 360 (quoting *Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 997 (5th Cir. 1985)); *see also Duran*-Cruz, 527 F. App'x at 310–11 ("A stay may be justified to preserve meaningful review, but a stay is also an 'intrusion into the ordinary process of administration and judicial review' and therefore not to be granted reflexively.") (citing *Nken*, 556 U.S. at 427). Accordingly, Petitioner's motion is denied.

### III.   CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Petitioner's Emergency Motion to Stay Removal Pending Habeas Review (R. Doc. 2) is **DENIED**.

**THUS DONE AND SIGNED** this 4th day of June, 2026.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

4