**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **ROBERTO CARLOS AGUILAR VAZQUEZ #A240-281-010** | **CIVIL ACTION NO. 1:26-CV-01845 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **WARDEN WINN CORRECTIONAL CENTER ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

# REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 7) filed by pro se Petitioner Roberto Carlos Aguilar-Vazquez ("Aguilar-Vazquez"), an immigration detainee at Winn Correctional Center in Winnfield, Louisiana. Aguilar-Vazquez seeks release from detention.

Because Aguilar-Vazquez fails to state a viable claim for habeas relief under § 2241, the Petition (Doc. 7) should be DENIED and DISMISSED WITHOUT PREJUDICE.

## I. Background

Aguilar-Vazquez is a native and citizen of Cuba who entered the United States near San Luis, Arizona on January 30, 2022. Doc. 1 at 2. On February 1, 2022, the Department of Homeland Security ("DHS") issued a Notice to Appear, charging him as an alien present in the United States without being admitted or paroled, 8 U.S.C.

§ 1182(a)(6)(A)(i). *See id.* DHS released Aguilar-Vazquez on recognizance the following day. Doc. 7-3 at 4.

On May 28, 2025, Aguilar-Vazquez was re-detained by ICE. Doc. 7-2 at 1. He received an initial removal hearing that date, at which DHS moved to dismiss the pending removal proceedings so that it could place Aguilar-Vazquez in expedited removal proceedings under 8 U.S.C. § 1225(b)(1). Doc. 7-3 at 13. The Immigration Judge granted the request.

On May 19, 2026, Aguilar-Vazquez received a credible fear interview, after which DHS issued a negative credible fear determination. Doc. 1 at 2. On May 21, 2026, an immigration judge affirmed DHS's negative credible fear determination. *Id.*

**II. <u>Law and Analysis</u>**

Although expedited removal proceedings arise under § 1225, once an expedited removal order becomes administratively final, detention is governed by 8 U.S.C. § 1231(a)(1)(A). *See Yousaf v. Thompson,* 26-CV-2190, 2026 WL 1507835, at *4 (W.D. Tex. May 18, 2026), *recommendation adopted*, 2026 WL 1513235 (W.D. Tex. May 29, 2026); *Sediqi v. U S Immigration & Customs Enf't,* 1:25-CV-01699, 2026 WL 2053090, at *2 (W.D. La. June 23, 2026), *recommendation adopted*, 2026 WL 2048930 (W.D. La. July 15, 2026); *see also Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Once those proceedings end, detention under

§ 1225(b) must end as well”). Accordingly, § 1231 provides the statutory basis for Aguilar-Vazquez’s detention.

Under § 1231, the Government generally has 90 days to remove an alien after an order of removal becomes final. *See* 8 U.S.C. § 1231(a)(1)(A). And during that 90-day removal period, the Government must detain the alien. 8 U.S.C. § 1231(a)(2)(A).

Furthermore, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien’s removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In fact, detention for up to six months is “presumptively reasonable.” *Id.* Afterward, if the alien “provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,” the Government must either rebut that showing or release him. *Id.; see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures).

Because Aguilar-Vazquez filed this petition approximately one month after his expedited removal order became administratively final, he remains well within both the 90-day statutory removal period and the six-month presumptively reasonable detention period recognized in *Zadvydas*. Accordingly, his claim for release is premature.

## III. Conclusion

Because Aguilar-Vazquez fails to state a viable claim for habeas relief under § 2241, IT IS RECOMMENDED that the Petition (Doc. 7) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Signed at Lafayette, Louisiana on this 21st day of July, 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE